JOSEPH LOEBLEIN AND GEORGE LOEBLEIN,
TRADING AS LOEBLEIN BROTHERS,

*vs.*

CHARLES CLEMENTS.

*Uniform Sales Act*: *acceptance by vendee.*

Under the Uniform Sales Act, a buyer is deemed to have
accepted the goods when they have been delivered to him and
he has done any act in relation to them inconsistent with the
sellers' ownership.                                    p. 629

A marble monument, that had been ordered by the defendant,
was shipped to him, crated, and in sections; without any exami-
nation, he removed it to the cemetery for which it was intended,
and erected it; parts of the monument were alleged by him to
have had blemishes in the marble; without waiting to give the
vendor any opportunity to replace these pieces, the defendant
first attempted to remove the defects, and then replaced them
with other parts purchased elsewhere; suit was brought for the
contract price: on appeal from a judgment on verdict in favor
of the plaintiff, it was: *Held,* that by the defendant's own testi-
mony his conduct amounted to an acceptance of the monument
under the indivisible contract of the purchase, and that the
plaintiff was entitled to recover.                    pp. 628-629


*Decided June 26th, 1917.*


Appeal from the Circuit Court for Baltimore County.
(McLANE, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*G. Clem Graetzel,* for the appellants.

*Armstrong Thomas* and *J. Purdon Wright,* for the appellee.

URNER, J., delivered the opinion of the Court.

The appellants, who are engaged in the marble and granite business in Baltimore County, ordered from the appellees, who are granite dealers in Massachusetts, a monument of that material, which the purchasers had contracted to erect in a local cemetery. The monument was to consist of a bottom base, second base, die and cap, of specified dimensions, and the price for which it was to be furnished by the appellees was $434. In due time the monument, in crated sections, was shipped by rail to the appellants, and was moved by them directly from the car to the cemetery without inspection. When the various parts had been placed in position, it was discovered that there were several spots on the cap and die which the appellants regarded as defects. Without waiting to give the appellees an opportunity to replace those sections of the monument, the appellants attempted to remove the supposed blemishes by cutting into the surface of the granite. Later on they removed the cap and die to their place of business, and substituted for them corresponding sections, obtained from another source, which they erected on the bases procured from the appellees. This suit has resulted from the refusal of the appellants to pay the purchase price for the monument on the ground that it did not conform to the specifications. At the trial of the case a verdict was rendered by the jury in favor of the plaintiffs for the amount claimed under the contract of sale. The judgment entered on the verdict is the basis of this appeal.

There are three bills of exception in the record, but they need not be separately discussed, because the plaintiffs were clearly entitled to recover, and the defendants have therefore no legal occasion to complain of the rulings which contributed to that result. The testimony on both sides is in

agreement as to the vital fact that the defendants treated and used the purchased property in the manner already described, which was wholly incompatible with the right of rejection now asserted. According to the Uniform Sales Act, the buyer is deemed to have accepted the goods when they "have been delivered to him, and he does any act in relation to them which is inconsistent with the ownership of the seller." Code, Art. 83, sec. 69. There could not well be a plainer case than the present for the application of that principle. The testimony was in conflict as to whether the monument had any blemishes of which the defendants could rightfully complain, and as to whether they had notified the plaintiffs of such an objection within five days after the delivery, as provided in the agreement of purchase, but there is no contradiction as to the defendants having changed the condition of the two upper sections of the monument and as to their having permanently appropriated the two bases to the use for which they were intended. That such conduct necessarily involved an acceptance of the monument, under the indivisible order of purchase, is too plain for argument.

There was no evidence offered in support of a defense by way of recoupment of damages on account of the alleged defects. The whole purpose of the defendants' proof was to absolutely defeat a recovery upon the theory that the monument delivered did not conform to the terms of the purchase. Such a defense could not properly have been given recognition in the rulings of the Court below, in view of the undisputed and conclusive acts of acceptance shown by the record.

*Judgment affirmed, with costs.*